/ BROWN *against* The Commonwealth.,    *Sunbury.*

IN ERROR.    *Monday, June 9.*

ERROR to the Court of Quarter Sessions of *Bradford* county.

*Watts*, for the plaintiff in error.

*Baldwin*, contra.

TILGHMAN C. J. *Humphrey Brown* was indicted and convicted in the Court of Quarter Sessions of *Bradford* county, of a nuisance, in the erection of a dam, across *Wyalusing* creek, which had been declared a public highway, by an act passed 4th *April*, 1805. Judgment was given, that the defendant should remove the nuisance, and pay a fine of 100 dollars for the use of the Commonwealth.

The error assigned is, that the proceedings and judgment on this indictment were according to the common law, whereas they ought to have been according to the directions of the act of 23d *March*, 1803, (4 *Sm. Laws*, 20.) By the

VOL. III.—M m

*An act permitting the owners of lands adjoining any navigable stream of water, declared by law a public highway, to erect dams, and prescribing a special proceeding for injury to the navigation, comprehends a stream declared a public highway after the passage of the act; especially if the summary remedy given to persons who sustain damage, is extended by the act to streams thereafter declared public highways.*

first section of this act, it is provided, that the owners of lands adjoining any navigable stream of water, *declared by law a public highway*, (except the rivers *Delaware*, *Lehigh*, and *Schuylkill*,) may erect dams for mills or water-works, provided that they be so constructed as not to injure the navigation, or prevent the passage of fish. The second section prescribes a special mode of proceeding against persons who injure the navigation, &c. and directs, that the fine inflicted on conviction, shall be adjudged, one half to the prosecutor, and the other half to be applied to the repairing of roads, &c. It is conceded on the part of the Commonwealth, that the proceedings and judgment in this case nave not been according to the act of assembly, so that the only question is, whether the case falls within the act, which the prosecutor contends it does not, because *Wyalusing* creek was not *declared by law*, a public highway, till after the passage of the act. Had this act been of a *penal* nature, there would have been reason for giving it so strict a construction, as to confine it to streams which had been declared public highways before its passage. But it was a beneficial law, conferring on the owners of lands adjoining navigable waters, a right which they did not enjoy before. And as the intent of the act will be best answered, by giving the same rights to all proprietors of lands adjoining streams, declared by law to be public highways, without regard to the time when they were so declared, the construction should be as extensive as the words will bear. Now the words " *declared by law a public highway*," may with propriety be applied to all streams which had been declared by law a public highway, *prior to the time, when the owner of any adjoining land should erect a dam across the same;* consequently they comprehend the *Wyalusing*, although it had not been declared a public highway, at the time of the passing the act. This is the construction which I should give to the first section, considered by itself; but the third section throws light upon the first, and makes the intent of the legislature very clear. The third section gives a summary remedy, by proceedings before a justice of the peace, to owners of any raft, boat, or vessel, who should be obstructed or suffer damage, or be delayed in his passage on any stream, *that then was, or hereafter might be declared a*

*public highway, by any dam or dams as aforesaid.* The whole act will be a uniform complete system, by making the right to erect dams given by the first section, co-extensive with the remedy against the abuse of that right, given by the third section. That such is the true construction I have do doubt, and, therefore, I am of opinion, that the judgment should be reversed.

GIBSON J. gave no opinion, having decided the case below.

DUNCAN J. The indictment is for a nuisance in that part of *Wyalusing* creek, between the mouth thereof, and *Pickett's* mill, by means of a mill dam. The sentence of the Court is, that the defendant below shall abate the nuisance, and pay a fine of 100 dollars for the use of the Commonwealth. This indictment and judgment cannot be supported under the act of 23d *March*, 1803, entitled " an act to authorise any per- " son or persons, owning lands adjoining navigable streams " of water, declared public highways, to erect dams on such " streams for mills or other water-works." The previous proceedings under the act; the appointment of commissioners to view, &c.; the return; the decree of the Court; that, on the statement of the commissioners, it appeared, that an offence against the act had been committed, and the order, that a bill of indictment should be sent up to the grand jury; should have appeared to authorise the indictment. But the sentence is not pursuant to the act. That directs a fine not exceeding 100 dollars; one moiety to the prosecution, and the other to the supervisors; and to pay such damages to the person complaining, as shall be found by the jury, and the Court shall direct the supervisors to remove the obstruction.

It is declared, by act of 21st *March*, 1806, that in all cases where a remedy is provided, or duty enjoined, or any thing directed to be done by any act of assembly, the direc-tions of the act shall be strictly pursued, and no penalty in-flicted, or any thing done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act into effect. There are particular di-rections, and a penalty appropriated in a particular manner, and to particular persons. The form prescribed has not been

pursued.   The penalty is inflicted in another manner than is directed.   It is most evident, that the indictment is not founded on this act, nor the penalty inflicted in conformity to it.

If this indictment can be supported, it must be on the ground that the *Wyalusing* creek is not embraced by the act of *March*, 1803.   *Wyalusing* creek was first declared a public highway on 4th *April*, 1805; and being by the act declared a public highway, every erection in it, would be indictable as a nuisance ; the party subjected to a fine to the use of the Commonwealth, and to be ordered in the sentence to remove it.   It is contended, that the act of *March*, 1803, included in its provision, such streams as had been theretofore declared public highways.   This act is not a penal one, creating a new offence, and inflicting a new or additional penalty.   It is an act granting a privilege ; remedial.   It grants a benefit to the owners of lands adjoining these streams, declared public highways ; giving them a liberty to erect dams, and to lead off as much of the water as might be necessary for their water-works ; provided, that the erection shall not impede the navigation, or prevent the fish from passing up.   The mischief and the remedy are to be considered in the construction of this act.   The mischief was, that when a stream was declared to be a public highway, all its usefulness for water-works was done away.   Recourse was had constantly to the legislature for this privilege. Much time of the legislature was consumed, and great expenses incurred.   The remedy intended by the law-makers was, to grant the privilege to all the adjacent owners, under certain prescribed regulations.   It was a general regulation ; excepting only the rivers *Delaware, Lehigh,* and *Schuylkill.* It is no violation of the most strict grammatical construction of the whole sentence, to extend the word *declared,* so as to include all streams, that should be declared public highways at the time of erecting any dam thereon.   To confine it only to those streams, theretofore declared highways, would be restraining the general scope and view of the law.   All difficulties in my mind, are, however, removed by the third section. The first grants the privilege.   The second punishes by indictment its abuse.   The third grants redress for injuries sustained by individuals from the improper use of the

privilege.   It enacts, that if the owner of any raft, boat, &c.
shall be obstructed, or suffer damage, or be delayed in his or
their passage, on any stream within the jurisdiction of this
Commonwealth, that now is, or hereafter may be declared a
public highway, by any dam or dams, as aforesaid, when the
loss does not exceed 50 dollars, he shall have summary re-
dress, on view by referees, and judgment by justice of the
peace.   All streams declared by law public highways in the
first section, are by the third section explained to intend
all streams which may be declared public highways, before
the obstruction actually happens.   Both acts relate to the
same subject.   Acts *in pari materia*, are taken together
to form one system ; and this, though there is no reference
in express terms. All streams declared public highways, are
regulated by act of *March*, 1803.   This part of *Wyalusing*
creek, by act of *April*, 1805, is declared a public highway.
The owners of lands adjoining streams declared public high-
ways by the act of *March*, 1803, are subject to the penalty
prescribed in the form prescribed by the act conferring the
benefit, for any abuse or nuisance of the privilege so con-
ferred.   I am, therefore, of opinion, that the indictment
should have pursued the course prescribed by the act of 1803,
and the penalty inflicted should have been agreeable to its
provision ; and that judgment be reversed.

1817.

Brown
*v.*
The Com-
monwealth.

Judgment reversed.
