The opinion of the Court was delivered by
Gibson J.
It is necessary to express an opinion on but one of the errors assigned, as it is clear the offence charged is not laid with sufficient certainty.' The indictment is not for a nuisance at common law, but is grounded on an act of assembly. On this subject, there are two acts, distinct in their provisions, and not, as contended, in pari materia. That of the 9th March, 1771, imposes a penalty of five pounds, (which by the supplement of the 31st March, 1785, is increased to ten pounds,) on any person “ who shall erect, build, set up, repair, or maintain, or shall be aiding, assisting, or abetting in erecting, building, setting up, repairing, or maintaining any weir, rack, basket, dam, pound, or other device or obstruction whatsoever, within the said rivers or streams, or shall fix or fasten any net across the same, whereby the fish may be obstructed in going up the said rivers, or that shall take, destroy, or spoil any spawn, fry, or brood, in any such weir, rack, &c.” The act of the 8th April, 1799, imposes a penalty of thirty dollars, which is to be equally divided between the informer and the supervisors of the highways of the proper township, on any person who shall “ erect, repair, maintain, or set up, or shall be aiding, or assisting in erecting, repairing, maintaining, or setting up any fish dam, basket, or pound, for taking fish in the said rivers, *10 or their branches, which have been or hereafter may be declared public highways.” The indictment charges, that the plaintiff' in error and the others who were defendants below, “ did erect, repair, maintain, and set up, and cause to be erected, repaired, maintained, and set up, divers fish dams, baskets, pounds,and other devicesfor taking fish,in and across the stream, &c., to the injury and destruction of the brood and spawn of the fish of the said-river, to the great destruction of the barges, boats, &c.” It is obvious the prosecutor has attempted to ground his indictment on both acts, which, where the acts are separate and distinct in their provisions, can no more be done, than a statutory offence can be blended with one at common law. The offence must be brought within the words of a single statute, or, at most, within the words of two or more statutes, only when they are in pari materia, in which case they may be taken as but one. Here the penalty of the act of 1799, has been inflicted, and it is therefore immaterial whether the indictment be good on any other act, or at common law; for unless it be so on the act of 1799, there will be error in the sentence, and the judgment have to be reversed. There can be no objection, on the ground that the offence is not strictly brought within the words of the act; for the words are pursued to their full extent, and the circumstances of description which are super-added, are to be taken as surplusage, which does not vitiate the whole indictment, but renders it void only as to the excess. But even where the very words are pursued, an indictment may be still insufficient; for the same precision of description as to the individuality of the offence charged, is as requisite in an indictment on a statute as if it were at common law. For the purpose of classification, and to bring the particular instance precisely within the abstract meaning of the statute, its own language without any thing more, may always be safely employed; but to distinguish one instance from another, all necessary incidents of time, place, and circumstance must, as in other cases, be added. Here the error is, that the defendant is not charged with one specific act or of-fence, but with “ divers” acts, each constituting a distinct offence, which is too general. The special manner of the fact should appeal-, that the defendant may precisely know with what he is charged, and that he may be able to plead the very fact of which he is to be acquitted or convicted, to *11 a second indictment for the same offence. Here the word “divers,” ascertains nothing. It is-unnecessary to consider the old cases on the subject; for at the present day there are, I believe, in England, but three exceptions to the rule that a particular specified offence must be charged, and these are, the cases of a common barrator, scold, and keeper of a bawdy house; to which may, in this State, be added that of the keeper of a tippling house. In the two first, the crime is not constituted by any definite number of successive instances, but by the daily habit of the individual; and therefore to set out those special instances that are to be relied on as evidence, would not set out the offence itself, which, from its abstract nature, is incapable of being defined with any degree of precision: and in the other two, the keeping of the house seems, in contemplation of law, to be the gist of the offence; and that, being an act of a continuous nature, which cannot be limited to a single time or circumstance, must, therefore, necessarily be stated generally; and the particular instances of unlawful conduct being necessary only to shew the unlawful purpose for which such house is kept, need also be averred only generally. But whatever may be the speculative reasons for such exceptions, it is clear the particular instances of which each of those charges is made up, could not be set forth without such extreme inconvenience as to render successful prosecution almost impracticable. Here, however, no such inconvenience exists; for the particular erection, might, and ought, to have been described with reasonable certainty. I do not say its form, dimensions, and the materials of which it was constructed, should have been stated: perhaps the indictment, having pursued the words of the act, which is silent as to those particulars, would, in that respect, be unexceptionable. But the objection, that the defendant is charged with an indefinite number of acts, each of which constitutes a specific offence, is fatal; and the judgment must be reversed.
J udgment reversed.

) 3 Sm. L. 376.