The opinion of the Court was delivered by
'Duncan J.
There is one objection, it it holds good, it is laying the axe to the root of the action. Can administrators sustain an action for the penalty, under the Act of 28th March, 1814, (Purd. 223,) for establishing a fee bill. That act after prescribing-the fees of the several officers, including County Treasurer and his fees, provides, that if any officer shall take greater or other fees than is expressed and limited, for services done, he shall forfeit and pay the party injured 50 dollars. - The fee for advertising, including printer’s charge, is fifty cents. -The charge made and paid, was one .dollar fifty cents, for advertising and other costs, on 42 tracts; the accumulated penalties would amount to 2,100 dollars, the sum demanded. It was a principle of the common law, that when the cause of action was founded on a misfeasance or a nonfeasance, arose ex delicto, that the personal action died with ' the person, and this rule still holds with respect to the per'sori'by whom the injury was done; but as to him on whom it was. done, the *184 4. Ed. 3. C. 7, de bonis aspoftatis in vita testator is, has ma<je considerable alteration's, and by an equitable construc.tion, the executor or administrator, shall have the same action for any injury done to the personal estate of the testator, j j j ^ r ■. or intestate, whereby it becomesless beneficial to them, as the déceased might have had, whatever the form of action might be. So far has the equity been extended, that debt-will lie-by an ’ executor or administrator, for the penalty given by the statute to the party grieved by substraction of tithes.- The penalty was ■ treble damages. But this was because there was a duty as well as a wrong ; it was not altogether penalty and punishmént.. 1 Vent. 30. Moretones case.
The principle to be extracted from all the cases, is this: that although the- most beneficial action dies with the person because founded in tort, yet the action by which the valúe of the thing might be recovered, would remain against executors or administrators. But here the action is purely personal, it is a punishment; the sum to be recovered, is no part of the excess; it is not damages-accumulative to the damages'sustained, but is vindictive totally, having no relation to a connection with compensation or contract. There was no duty owed to intestate, for which his representatives claimed compensation; it was all penal infliction for a wrong done to him. I give no opinion how it might be considered if the Act had given accumulative damages, to the party,grieved, making the real damages the standard, and then doubling or trebling that. There the act is not strictly penal.
The plaintiffs could recover back any thing paid beyond the legal fees., but not for the forfeiture or penalty. That is in toto penal. No evidence could have'supported this action óf debt for penalty incurred in the life time of the intestate.1 -It died with him, and did not survive to his administrators.
Judgment affirmed.