The opinion of the court was delivered by
Duncan, J.
This is an indictment tried before me at nisi prius, against a justice of the peace, “for unlawfully, corruptly, and ex-torsively, demanding, exacting, and receiving from one James MlCcy, brought before him on a charge of being engaged in a riot, the Shm of two dollars and eight cents, under colour and pretence that the said sum of money was payable to him as fees; but well knowing that no such sum of money was by right or by law demándame, whereby the said Britton Evans committed a misdemeanor in office, to the great damage of the said James M(Coy, contrary to the form of the act of assembly, &c.
A point has been made on the trial, that the offence of extortion has ceased to be a public offence, punishable by indictment, inasmuch as by the act of the 28th of March, 1814, section 26, establishing a fee bill, which section is extended to the new fee bill of the 22d of February, 1821, section 14, it is enacted, “that if any officer whatsoever, shall take greater or other fees than is limited or expressed, or if any officer shall charge, demand, or take any of the said fees herein before ascertained, where the business for which such fees are chargeable shall not have been actually done and performed, or if any officer shall charge or demand, as and for any service or services, other than exressly provided for by this act, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable.” And it was contended, that as there was a remedy provided by the act, the proceeding at the common law by indictment is forbidden, by the 13th section of the act of the 21st of March, 1806, to regulate arbitrations. As this objection would appear on the face of the indictment, and the defendant would have the full benefit of it in bank by a motion in arrest of judgment, in case of a conviction, it was reserved on the trial, and is now for consideration; and if this act has the effect contended for, of blotting out of our criminal code an offence so aggravated, and against public justice, as the crime of extortion, one would not expect to find it under the head of arbitration. But wherever it is found, still, if it reaches this'enormous offence and high misdemeanor in office, and turns it into a civil action recoverable as a debt, and in the same manner as a debt, purging it of its indictable *428 quality, the objection must prevail. For that section provides, ‘‘that in all cases where a remedy is provided, or any thing or things directed to be done by any act of assembly, the directions of the act shall be strictly pursued, and no penalty shall be inflicted or any thing done agreeably to the common law, further than is necessary for carrying such act or acts into effect.” When this case was first before me at nisi prius, it appeared to me that it was not within this provision, comprehensive as its terms are; but I have, on further reflection changed that opinion. The fifty dollars is a forfeiture and a penalty, and not in the nature of compensation to the party grieved, and it was the intention of the legislature to abolish cumulative penalties, double inflictions for the same offence, — one at the common law and the other by statute. The moment the mind forms the conclusion that this infliction is penal, it follows that this is a case provided for by the act. That it is a punishment for the offence, was decided, on full consideration, by this court, in Merediths Administrators v. Cist, 7 Serg. & Rawle, 183, which was an action of debt on this clause in the act of assembly of 1814, against a treasurer of the county of Luzerne, for taking illegal fees, whore the action was held to die with the person, because it was entirely a punishment, having no relation to or connexion with contract, but was totally vindictive. Had it been a case giving cumulative damages to the party grieved, making the real sum paid the standard, and doubling and trebling it, then it might not have been considered as altogether penal; but that is not the case of this penalty and forfeiture. It is a case within the words of the law: it is a remedy provided by the act to enforce the penalty inflicted for the offence, and it would be in direct opposition to that law, which in clear and unambiguous language enacts, that no other penalty shall be inflicted, nor any thing done, agreeably to the provisions of the common law, further than is necessary for carrying such act into effect. Now, if the common law punishment still remains, it is by fine and imprisonment; that would be another penalty inflicted. If there is to be a proceeding according to the course of the common law, it must be' by indictment: that would be a thing done agreeably to the common law, not necessary to carry the act into effect, and emphatically forbidden. Whatever speculations may be indulged, as to the fitness of entrusting the prosecution of this offence to a private individual, who may be oppressed, and whose peace may be bought by a trading justice, or who may be too poor to carry on a suit, and whose spoiler may laugh him to scorn, or where the justice may pay down his fifty dollars and continue his extortions to reimburse him the penalty, yet we cannot act on them, — we are but the interpreters of the law. If it is injurious, it is for the wisdom of the legislature to apply the remedy, by modifying or repealing the law; but so the law stands at present. The constitution looked at the consequences of a conviction for misdemeanor in office; for, *429 by the tenth section of the fifth article, it provides, that justices may be removed on conviction of misbehaviour in office; looking to a conviction by indictment, by an appropriate trial on indictment, not to a judgment in an action of debt rendered by one justice against a rival justice. For minor misbehaviours in office, where there are no special provisions by act of assembly, and in cases which more rarely occur than this one, which we hear such loud complaints of everywhere, and which demands more immediatelya removal from office, they remain still indictable, and a removal is the direct consequence; for in The Commonwealth v. Wilson, 16 Serg. & Rawle, 374, it was held an indictable offence for a justice to refuse to make out a certified copy of his proceeding on the demand of the party. If the act had subjected the offender to a fine of fifty dollars, without prescribing any form in which the fine was to be levied, the prohibition would have rendered the justice indictable, and the sentence would have been for that sum, as in the act of the 8th of Jlpril, 1799, prohibiting the erection of dams in certain rivers, under a pénalty, without prescribing any form of prosecution, Updegraff v. The Commonwealth, 6 Serg. & Rawle, 5, where the sentence, on conviction by indictment, was for the penalty: here an-acquittal by indictment would be no bar to the action of debt for the penalty by Janies M‘Coy. Where a statute gives a penalty or forfeiture against him who wrongs another, he that hath the wrong shall have the penalty, and not the king. 3 Lev. 290. 4 Bac. Ab. 653.
In England, as the crime was not a new one created by statute, nor the penalty recoverable in a manner prescribed, indictment would lie; and so here, before the passage of the act of 1806; for the infliction of a new penalty upon a party guilty of a common law offence, is but cumulative, and he may still be punished as at the common law. Cro. Jac. 643, Castle’s Case. The King v. Watson, Fitzg. 66. 10 Mod. 337. What was said by Lord Mansfield in The King v. Wright, 1 Burr. 545, well explains this doctrine. He says, “ I always took it, that where new offences are created, and only a general prohibitory clause, an indictment will lie;- but where there is a general prohibitory clause, stating only particular remedies, then such particular remedy must be pursued; for otherwise the defendant would be liable to a double prosecution, — one on the general prohibition and the other on the particular specific remedy.” Now this is what the legislature intended, in all cases, as well offences at the common law as new offences, and have declared, “ Where there is a prescribed or particular remedy for any thing, no recourse shall be had to prosecution at the common law; the common law shall not be enforced further than is necessary to carry into effect our statute penalty. Nothing is to be done in such case, agreeably to the provisions of the common law, further than is necessary for carrying our statutory punishment and prescribed remedy into effect.” ' It is for the legislature, if this course be unapt and the remedy inef *430 iectual, to alter it, but it is for this court to say what the provision is, to see that no other penalty be inflicted or any thing done agreeably to the provisions of the common law, further than is necessary to recover the penalty of fifty dollars in an action of debt. My Brother Gibson informs me, that this was the construction given by the Court of Quarter Sessions of Cumberland county to this act, on a similar indictment against John Delaney.
It is not necessary to consider the second reason assigned for arresting the judgment, the alleged defect in the indictment, as the court are of opinion, that according to the express words of the act of the 21st of March, 1806, to regulate arbitrations, the charge against the justice was no longer an indictable offence. The same construction prevailed in Brown v. The Commonwealth, 3 Serg. & Rawle, 273, the reasons of the judgment the same, that where there are particular directions and a penalty appropriated, in a particular manner and to particular persons, there the remedy and directions of the act must be strictly pursued. The act prohibited by this statute and punishable in a prescribed form of civil action, is the common law definition of extortion: “The taking of money by an officer, under colour of his office, either where none at all is due, or not so much is due, or where it is not yet due.” Co. Litt. 368. 10 Co. 102.
It cannot be overlooked, that while the writers on the common law consider extortion as more heinous than robbery itself, attended, as it usually is, with the aggravated sin of perjury, yet under the operation of this clause in the act of 1806, it is punishable as a civil action where the state is no party; while minor offences of magistrates still continue the subjects of prosecution in the criminal courts. I cannot but believe this consequence was overlooked by the lawmakers. In an experiment like this, the most accurate and comprehensive mind could not foresee all the consequences which would follow from so great an innovation on the ancient law; but this act establishes a fee bill and punishes the transgressor by a particular penalty, with a specified remedy, and that remedy alone can be pursued; the common law is proscribed, further than as its rules are necessary to carry into effect the statute remedy. If the court passed sentence, it would be pursuing a different course of proceeding from that directed by the act, directing what the law enjoins it on the court strictly to pursue, and it would be inflicting a penalty forbidden by the law. This opinion must be understood to be confined to cases where the act punishes in a manner prescribed, the whole defined common law offence, not where it gives a particular remedy for a defined special act, and not embracing every act which constitutes the full common law offence. The judgment must therefore be arrested.
Judgment arrested.