## Criswell *against* Clugh.

. The erection of a mill-dam across a navigable stream of water, by the owner
of the land through which it passes, is not a public nuisance to which the com-
mon law remedy of abatement may be applied. If it be wrong, the appropriate
redress must be sought for by means of the provisions of the act of the 23d
of March 1803.

WRIT of error.

This was an action of trespass by John Clugh against Robert
Criswell and others, for tearing down his mill-dam in Toby's creek.
The defendants justified themselves on the ground that the stream
was a public highway, and the dam was illegal. The only question
which arose in the cause was, that conceding the dam to be illegal
and therefore a nuisance, had the defendants a right to abate it?
The court below (Shippen, president) was of opinion, and so in-
structed the jury, that the act of the 23d of March *1803* afforded the
only remedy by which the wrong occasioned by the erection of the
dam could be redressed ; and that the defendants were trespassers in
tearing it down. This opinion was the subject of the assignment of
error.

*Thompson,* for plaintiff in error.
*Pearson,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The act of the 23d of March 1803, confers the
privilege of erecting dams, for mills and other water works, on per-
sons owning lands adjoining navigable streams of water, and, at the
same time, provides a remedy in case the navigation is thereby ob-
structed, or the passage of fish impeded. Commissioners are to be
appointed to view the dam, and compare it with the provisions of the
act, and to make report ; and the court may thereupon direct a bill
of indictment to be sent, and, on conviction, fine the offender, and
compel the payment of damages. They may, also, direct the super-
visor of the highway to remove the obstruction in such manner as to
bring it within the limitations and provisions of the act. By section
three, a proceeding before a justice, or the court, is prescribed for the
recovery of damages by persons obstructed, damaged or delayed.

There are convincing reasons why the remedy pointed out by the
act should be pursued, and not the common law remedy of abate-
ment as a public nuisance.

The erection of the dam is not in itself a nuisance ; the act per-
mits it, and grants the use of the water, provided there is no inter-

[Criswell v. Clugh.]

ference with the navigation and the passage of fish.    It is, therefore, by an excess beyond the limit prescribed, that the law is violated, and the appropriate redress for such mischief is not utterly to demolish and destroy the dam, but to remove that excess, and adapt the erection to the design of the law.    This the act provides for by requiring the previous inspection of three commissioners ; and by directing, in case of conviction, that the supervisors of the highway, public officers, acting with impartiality and upon their oaths of office, shall remove the grievance, by making the dam conform to the object of the act, at the cost of the owner.    The common law remedy of abatement for a public nuisance does not, therefore, apply to the case of a dam erected under the authority given by this act; but the course of proceeding pointed out by the act must be pursued.    The directions of the act of the 21st of March 1806 lead to the same conclusion; for it directs, that in all cases where a remedy is provided or duty enjoined, or any thing directed to be done by any act of assembly, the directions of the act shall be strictly pursued; and no penalty inflicted, or any thing done agreeably to the provisions of the common law in such cases, further than shall be necessary to carrying such act into effect.    In the act of 1803 there is a remedy provided, and an ample one, both for the public and individuals; and the common law remedy of abatement is not necessary to aid the execution of the act, but on the contrary directly defeats the object and design of it.    In Brown *v.* The Commonwealth, 3 *Serg. & Rawle* 273, this act received a similar construction.    It was held, that an indictment at common law would not lie for erecting a dam on a navigable stream, to the obstruction of the navigation.

    Judgment affirmed.