# Garman *against* Gamble.

Where an act of assembly creating an offence, provides that the "person so offending on *conviction* thereof before a justice of the county, shall pay a fine of five dollars for every such offence, to be recovered as debts of equal amount are by law recoverable, by any person who may sue for the same:" the offender need not be convicted either by indictment, or by a summary process, before the justice; but simply, in an action of debt, by a judgment, for the penalty, if proved guilty of the offence.

ERROR to the common pleas of *Somerset* county.

George Gamble against Joseph Garman. This was an action of debt which originated before a justice of the peace to recover a penalty of five dollars, for a violation of the act of April 9, 1834, relative to killing fish in Stoney creek. The provisions of the act are recited in the opinion of the court. The justice rendered a judgment for the plaintiff; and the case was removed into the common pleas by *certiorari*, and the court reversed the judgment, on the ground that a previous conviction was essential to the right of recovery against the defendant. It also appeared in evidence, that there was a Stoney creek in Dauphin county, which had its source in that county and emptied into the Susquehanna in the same county. And that the Stoney creek, in which the offence was alleged to have been committed, passed through the counties of Somerset and Cambria. It was contended below, that the uncertainty as to which Stoney creek was meant by the act, would also defeat the plaintiff's recovery. But the court decided that the Stoney creek of Somerset and Cambria was meant, on the ground that the act provided, that the conviction should take place "before a justice of the county in which the offence was committed;" which could refer only to a creek which was ran into more counties than one. There was no motion to quash the writ of error.

*Black,* for plaintiff in error, cited 12 *Serg. & Rawle* 53; 2 *Cranch* 341; 3 *Caines* 259.

*Hampton,* for defendant in error.

The opinion of the court was delivered by

ROGERS, J.—This was an action of debt to recover a penalty of five dollars, imposed by the act of April 9, 1834. It was a summons or demand, not exceeding 100 dollars, for using poisonous substances to kill fish in Stoney creek, contrary to the act of assembly, &c. The parties appeared, and on hearing the justice rendered

[Garman v. Gamble.]

judgment for five dollars, and costs of suit, one-half to be paid to the prosecutor, and one-half to the borough supervisor. The legislature after defining the offence, proceed as follows:—" Such person or persons so offending, on conviction thereof, before a justice of the county where such offence shall have been committed, shall pay a fine of five dollars for every such offence, to be recovered as debts of equal amount are by law recoverable, by any person or persons who may sue for the same, one moiety to be paid to the informer, and the other moiety to the supervisor, &c., when such conviction shall have taken place." It has been objected to the proceedings of the justices, and the court of common pleas has sustained the exception, that the act requires, that the offender shall be first convicted by indictment, or by a summary conviction, and then if the fine be not paid, it may be recovered by action of debt on the judgment, in the same manner as debts of equal amount are recoverable. This decision is based on the word "conviction" used in the act, and on a supposed analogy to the statute of 9 *Anne*, *ch.* 4, to prohibit gaming. It seems to us, that a force has been given to these things, to which they are not justly entitled. The penalty is to be paid on conviction, but this does not necessarily imply, that the offender must be convicted, either by indictment or by a summary process before the justice. He may be convicted in a civil action, for when judgment is rendered in an action of debt, the defendant, in strict technical language, is said to be convicted:— Whereof the said A B is convict, as appears by the record, &c.—is the language of every *scire facias* to recover a judgment or continue its lien, when judgment has been rendered in a civil suit. We are also unable to see the analogy to the statute of Anne. The conviction there referred to, is, by the express words of the statute, a conviction by indictment or information, words not used in the act of 1834. The statute, after prescribing that the offender shall be convicted by indictment or information, and imposing a fine to five times the value of the money fraudulently won, proceeds to say, " But such penalty, shall be recovered by such person or persons as shall sue for the same, by such action as aforesaid." By the use of the terms, " by such action as aforesaid," reference is plainly made to a previous section, which prescribes that the remedy to recover the amount of forfeiture, shall be by action of debt. The legislature, therefore, contemplated two proceedings:— an indictment on information to commit the offence, and a civil action, after the conviction, to recover the forfeiture. And this explains the case of Rex *v.* Lathorp, 2 *Strange* 1048. It was there ruled, that any judgment which could be given on an indictment or information, on that statute, was *quod convictus est*. That upon that judgment, if the defendant refused to speak with the prosecutor, a new action must be brought upon the judgment for the forfeiture. It is there said on the authority of several cases, which are cited, that on recusancy there is no other judgment.

[Garman v. Gamble.]

The act, though penal, must receive a reasonable construction, and I cannot bring myself to believe, that the legislature intended to harass the offender by a summary conviction in the first place, and a civil suit to recover the small penalty of five dollars, imposed by the act. We have no instance of similar legislation in our statute book, and I am not disposed to introduce a doubtful inference of intention, derived from equivocal expressions, or strained analogies. The evident meaning of the legislature is, that if on trial before the justice in the action of debt for the penalty, the defendant should be proved to be guilty of the offence, the justice should give judgment for the penalty of five dollars. They designed by giving a civil remedy, to avoid all technicalities, and for this reason, they have directed that the fine shall be recovered as debts of equal amount are by law recoverable. It is not, it is true, said in so many words, that the defendant was convicted of the offence, but this is substantially found in giving judgment for the penalty. This was not only a proper mode of proceeding, but it was the only one. For when a statute enacts an offence, and prescribes a remedy, that is the only remedy. Commonwealth *v.* Evans, 13 *Serg. & Rawle* 426.

We agree with the court of common pleas, that enough appears to show, that the Stoney creek was intended to apply to the Stoney creek which passes through Somerset and Cambria counties.

Judgment reversed.