WARD *vs.* NEAL.

[ACTION FOR DAMAGES FOR OBSTRUCTION OF ANCIENT LIGHTS.]

1. *Easement founded on adverse enjoyment.*—The English doctrine, that a right to have ancient windows unobstructed can arise from mere uninterrupted enjoyment for the period prescribed by the statute of limitations as a bar to actions for the recovery of land, does not prevail in this country.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. S. D. HALE.

THIS case was before this court, at its January term, 1860, on appeal from the judgment of the circuit court sustaining a demurrer to the complaint; and the judgment of the circuit court was then reversed, and the cause remanded.—See 35 Ala. 602. The action was brought by Joseph Ward, against George W. Neal, to recover damages for an obstruction of the plaintiff's ancient windows; and a trial was had, after the reversal, on the plea of not guilty, and the following agreed facts: "Plaintiff has title to, and is possessed of, a certain house and lot in the town of Huntsville; and he and defendant are adjacent proprietors. Plaintiff's said house has been built, and situated as it was at the time of the injury complained of, for twenty years; and during all that time the light and air had passed through said windows into his house. His possession has been quiet, exclusive, and undisturbed. The fence between the lots of plaintiff and defendant was built, upon a line which had been agreed upon by preceding proprietors, about the year 1836 or 1838, and was situated five or six feet from plaintiff's house, and about eighty feet from defendant's house; and, during all that time, had been a common plank fence, six feet six inches high, made of boards nailed upright, at an interval of one inch between them. The old line, prior to this compromise line, ran farther from plaintiff's house. The distance from the ground, to the

Ward v. Neal.

top of the windows in plaintiff's house, is ten feet ten inches; and from the ground to the bottom of the windows, five feet five inches. About the 15th September, 1856, the defendant erected a close battery of weatherboarded planks against said fence, but on his own side of it, about fourteen feet high, which excluded the light and air from plaintiff's said windows. This action was commenced on the 23d January, 1858. If, on these facts, the plaintiff is entitled to recover, the damage shall be assessed at $25." On these facts, the court charged the jury, that the plaintiff was not entitled to recover; to which charge the plaintiff excepted, and he now assigns the same as error.

PHELAN & PHELAN, for appellant.
WALKER & BRICKELL, contra.

STONE, J.—The present suit is for obstructing ancient lights; and the plaintiff founds his right of recovery, not upon grant, but upon his uninterrupted user of the easement for a period which would bar a recovery in ejectment against a trespasser. He makes no other proof than uninterrupted enjoyment. Will this, without more, ripen into a title by prescription? Under the English decisions, it would; but, in the American States, the English doctrine has not been adopted, save by a few of the States.

Speaking of the English doctrine, the supreme court of New York, in *Parker v. Foote*, (19 Wendell, 317,) said: "The learned judges who have laid down this doctrine, have not told us upon what principle or analogy in the law it can be maintained. They tell us, that a man may build at the extremity of his own land, and that he may lawfully have windows, looking out upon the lands of his neighbor.—2 Barn. & Cress. 686; 3 *ib*. 332. The reason why he may lawfully have such windows, must be because he does his neighbor no wrong; and, indeed, so it is adjudged, as we have already seen; and yet, some how or other, by the exercise of a lawful right, on his own land,

for twenty years, he acquires a beneficial interest in the land of his neighbor. The original proprietor is still seized of the fee, with the privilege of paying taxes and assessments; but the right to build on the land, without which village or city lots are of little or no value, has been destroyed by a lawful window. How much land can thus be rendered useless to the owner, remains yet to be settled. Now, what is the acquiescence which concludes the owner? No one has trespassed upon his land, or done him a legal injury of any kind. He has submitted to nothing but the exercise of a lawful right on the part of his neighbor. How, then, has he forfeited the beneficial interest in his property? He has neglected to incur the expense of building a wall, twenty or fifty feet high, as the case may be—not for his own benefit, but for the sole purpose of annoying his neighbor. That was his only remedy. A wanton act of this kind, although done on one's own land, is calculated to render a man odious." And the court ruled in that case, that the English doctrine was not applicable to our country, and refused to adopt it. To the same effect are *Napier v. Bulwinkle*, 5 Rich. Law, 322 ; *Cherry v. Stein*, 11 Md. 22–3 ; *Ingraham v. Hutchinson*, 2 Conn. 597. See, also, *Criswell v. Clugh*, 3 Watts, 330 ; and the authorities cited in this case when formerly here—35 Ala. 602.

That the length of time during which the plaintiff has enjoyed his windows, is sufficient to perfect his right, if there had been in that enjoyment the properties necessary to constitute an adverse holding, is settled in this State. *Stein v. Burden*, 24 Ala. 130 ; *Roundtree v. Brantley*, 35 Ala. 544 ; *Polly v. McCall*, June term, 1860.

We fully concur in, and adopt, the doctrine declared by the supreme court of New York, *supra*.

Judgment affirmed.