## CUMMINS *v.* GRIMES.

[No. 6,084.   Filed March 10, 1908.]

EASEMENTS.—*Implied.—Light.—Vendor and Purchaser.—Deeds.—* A deed, absolute upon its face, executed to one-half of a two-story building, a stairway next to the center of the grantor's side leading to the second floor, and a hallway of substantially the same width as the stairway extending forward from the head of the stairs to a window, on the grantee's side, which furnished light for the stairway, does not impliedly contain a reservation of an easement to the light from such window.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by Stephen M. Cummins against Ellen E. Grimes. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Van Fleet & Van Fleet,* for appellant.
*James H. State,* for appellee.

RABB, J.—Appellant was the owner of a building in the city of Elkhart. The building was two stories high, the lower story being divided into two business rooms, the upper story being used for offices and residence purposes. The second story of the building was reached by a stairway from the street entrance of the building running up the center to a hall which extended the full length of the building. The stairway and hallway were taken in equal parts off of the space occupied by the two business rooms. In the front end of the hall, facing the street, was a window designed to light the hallway. In front of the window, and extending the full length of the building, was a veranda. The building was set four feet and three inches back from the street line, and the veranda extended out to the street line. The stairway was three feet wide. The hallway from the head of the stairs to the rear end was five feet wide. The window in the front of the hall was two feet and ten inches wide and nine feet high. The hallway from the head of the stairs to the front end was the same width as the stairs. Doors opened from the hallway into apartments on either

side of the hall in the second story.  The appellant sold, and
by a general warranty deed, conveyed to the appellee and
her husband, without reservation or exception, one of the
rooms and the ground upon which it stood.  The husband
dying, the appellee became the owner of the entire title to
the property conveyed to both by the appellant.  Subse-
quently the appellee, desiring to improve her building, ex-
tended her wall separating her storeroom from the stairway
out to the street line, carrying it out nineteen inches on a
direct line with the original wall, and thence sixteen inches
over to the line called for by her deed in front of said win-
dow, and from thence on out to the street line.

Appellant brought suit in two paragraphs, alleging sub-
stantially these facts, with many others that are unneces-
sary, and a mere verbal dressing of the material facts.  In
the first paragraph he sought a mandatory injunction against
the continuance of the wall in front of the hall window, and
in the second he claimed damages for the obstruction of the
same.  A demurrer was sustained to the first paragraph of
the complaint, and overruled as to the second.  The cause
was put at issue, a jury trial had, a verdict returned in favor
of appellee, appellant's motion for a new trial overruled, and
judgment rendered against appellant on the verdict.  The
overruling of appellant's demurrer to the second paragraph
of the complaint, and his motion for a new trial, are as-
signed as errors here.

It is the contention of the appellant that, although his
deed to the appellee and her husband carried the title to the
premises upon which the wall in question was built, yet, from
the nature of the structure, there was an implied reservation
of an easement in the hall and stairway, and that the win-
dow and the light that came through it upon the hallway
were essential parts of that easement, and therefore appellant
had an implied reservation of the right to the unobstructed
light through this window for the full enjoyment of his
easement.  On the other hand, it is the contention of the

appellee that appellant's right that is insisted upon is an easement in the light from the window, that there has been no disturbance of his right to use the hallway, the stairway or the window, and that there can be no such thing as an implied easement in the light; and in this contention we believe the appellee is supported by reason and precedent. In the case of *Keiper* v. *Klein* (1875), 51 Ind. 316, the plaintiff and defendant owned adjoining properties in the city of LaFayette, both deriving title from the same grantor, the plaintiff's title being junior to that of the defendant. When the parties purchased their property there was a storeroom on each property, and a vacant piece of ground between the storeroom on the property purchased by the defendant and the storeroom on the property purchased by the plaintiff. This vacant piece of ground was a part of the tract purchased and conveyed to the plaintiff. At the time the defendant bought his property there was a window in the building purchased by him opening out on this vacant ground, and deriving light therefrom. The plaintiff, desiring to improve his property, claimed the right to build upon this vacant ground, thereby closing up the defendant's window. The defendant denied his right so to do, and claimed an easement in the light from the window. The suit was brought by the plaintiff to quiet his title as against this claim, and it was held by the court, after a careful review of all the authorities bearing upon the subject, that the deed from the common grantor carried no implied easement in the defendant's favor to light and air from the vacant space described, and that the plaintiff, although holding the junior title, and standing, so far as the controversy between the parties was concerned, in the shoes of the grantor in the deed, had the right to build a wall in front of the defendant's window. It is conceded by the appellant that this case correctly states the law; but it is sought to distinguish this case from the case at bar, in the fact that here the window obstructed lights a

hall that belongs, not to the appellant alone, but to him in common with the appellee. We think that this is a distinction without a difference. If the hall that is lighted by the window belonged entirely to the appellant, was entirely upon his premises, then he unquestionably would have no easement in the light from the window. It is the obstruction of this light which is sought to be enjoined. We think the case of *Keiper* v. *Klein, supra,* conclusive on these questions against the appellant's contention.

Judgment affirmed.