```
 7 W  491
32 SC  293
f 32 SC ³295
```

# M'Conahy *against* Courtney.

A justice of the peace has jurisdiction of an action to recover the penalty for taking illegal fees.

The notice required to be given to a justice of the peace before suit can be instituted against him need only state substantially the plaintiff's cause of complaint.

Nothing less than a tender of 50 dollars, the amount of the penalty upon a justice who has taken illegal fees, is sufficient amends and available as a defence.

ERROR to the common pleas of *Beaver* county.

This was an action instituted before a justice of the peace by John Courtney against Alexander M'Conahy, a justice of the peace, to recover the penalty of 50 dollars for taking illegal fees.

The following notice was served upon the defendant:

" To Alexander M'Conahy, Esq. a justice of the peace of Beaver county, residing in Borough township. Take notice, that I intend, at the expiration of thirty days after the service of this notice upon you, to sue and commence an action of debt against you, by writ of summons, before a justice of the peace in and for the county of Beaver, for the penalty of 50 dollars, for taking a fee of 50 cents, contrary to the 26th section of the act of assembly passed the 28th day

of March 1814; which said fee of 50 cents you unjustly and ille-
gally took and received in a certain action brought by a certain Al-
bert Edwards against me, before you, for a certain demand, in which
action the plaintiff, the said Edwards, became non suited on the 9th
day of January 1836, and the said Edwards became liable for the
costs of suit.   Yet, although the said plaintiff became liable to pay
the said costs, and I, as defendant, ought to have been discharged
from the payment thereof, you, the said justice, charged and took
from me the sum of 50 cents aforesaid as your fees in said case.
By reason of which injury you have become liable to pay me, the
party injured, the aforesaid penalty of 50 dollars."

                                        "John Courtney,
        " *Of Darlington, in Little Beaver township, Beaver county.*"

On the back of which said notice are the following indorsements:
    "Notice to Alexander M'Conahy, of Borough township, Beaver
county.
    "John Courtney resides in Darlington, Little Beaver township,
Beaver county."

After the notice was served, the defendant tendered to the plaintiff
50 cents as sufficient amends, but which the plaintiff refused to accept.
    In answer to several points put by the defendant's counsel, the
court (Bredin, President) instructed the jury : 1. That the notice
served upon the defendant was sufficient.   2. That nothing less
than a tender of the whole amount of the penalty, 50 dollars, would
be sufficient amends to avail the defendant as a defence.

*Shannon*, for plaintiff in error, on the point that a justice of the
peace had no jurisdiction of the action, cited, the act of 1814, sect.
26; *Purd. Dig.* 411; 13 *Serg. & Rawle* 102 ; 5 *Serg. & Rawle* 44.
That the notice was defective, 3 *Watts* 134; 3 *Penns. Rep.* 522.   On
the subject of tender of amends, 3 *Watts* 144 ; 3 *Penns. Rep.* 519.

*Agnew*, for defendant in error, on the first point, cited, 5 *Serg. &
Rawle* 44.   On the second point, 12 *Serg. & Rawle* 148 ; 17 *Serg.
& Rawle* 76 ; 4 *Binn.* 25 ; 3 *Watts* 318.   On the third point, 3 *Watts*
319 ; 4 *Binn.* 25.

The opinion of the Court was delivered by
    Kennedy, J.—This action was brought by the defendant in error
against the plaintiff in error, before a justice of the peace, for the re-
covery of a penalty of 50 dollars, which the plaintiff below claimed
of the defendant there on account of the latter having charged and
taken from the former illegal fees as a justice of the peace.
    The first error assigned is, that the suit was commenced before a
justice of the peace, and that the jurisdiction of justices of the peace
does not extend to such cases.   The penalty sued for here is imposed

[M'Conahy v. Courtney.]

by the 26th section of the act of the 28th of March 1814, *Stroud's Purd.* 410, which directs it "to be recovered as *debts* of the *same amount* are recoverable." And by the first section of the act of 1810, *Stroud's Purd.* 578, it is enacted that "the justices of the peace of the several counties of this commonwealth shall have jurisdiction of *all causes* of action arising from *contract* either *express* or *implied,* in *all cases* where the sum demanded is *not above* 100 *dollars,* except in cases of real contract, when the title to lands or tenements may come in question, or action upon promise of marriage." By this latter act, it is manifest that jurisdiction is only given to justices of the peace in cases of debt not exceeding 100 dollars, where the debt is founded upon a contract either express or implied. But the debt in the present case cannot be said to arise from a contract of either description: still however, as there is no act limiting the jurisdiction of any tribunal established in the state for the determination of such actions as debt by the amount of the sum but those of justices of the peace, it would therefore seem difficult, if not impossible, to construe the words of the former act, "debts of the same amount are recoverable," as having reference to any other tribunal or jurisdiction than that of the justices of the peace, which was in being at the time. If it had been intended that such penalty should be sued for and recovered in any of our courts of common pleas, such words would not only have been unnecessary but improper, as these courts have jurisdiction over actions of debt to an unlimited amount, whether founded upon contract or tort; and hence we are bound to conclude, that had such been the design of the legislature, these words would not have been used. They are too potent to be regarded as having been introduced without design, and therefore cannot be rejected as unmeaning. If the words had been, "to be recovered as debts of a like nature are recoverable," the courts of common pleas would very properly have been considered as referred to in exclusion of justices of the peace. And although it may seem somewhat strange and incongruous that justices of the peace should be made to try and pronounce sentence upon each other for illegal conduct, yet we feel ourselves constrained, in order to give some effect to the words of the act directing how the penalty shall be recovered, to say that the justice of the peace before whom this action was commenced, had authority to take cognizance of it; and that the first error assigned, therefore, is not sustained.

The second error, which is an exception to the notice, has nothing in it. The notice contains sufficient to advise the plaintiff in error of the defendant in error's ground and cause of complaint against him; and if true, to show that the penalty of 50 dollars claimed had been incurred. The cause of action also set forth in the declaration, is substantially the same with that contained in the notice.

The third error raises the question, whether any thing less than a tender of 50 dollars by the plaintiff in error to the defendant in error as amends, could avail the latter. In 1772, when the act of the leg-

VII.—2 R*

[M'Conahy v. Courtney.]

islature was passed, making it necessary, before any suit should be commenced against a justice of the peace for any thing done by him in the execution of his office, that the party complaining should give at least thirty days' previous notice, in writing, of the cause of action, and his intention to sue therefor—so that the latter might during the interim advise in respect to the matter, and tender, if he had reason to believe he had done a wrong, such sum of money as might make amends, to the party complaining, for it—no penalties consisting of specific sums of money, except for marrying clandestinely in certain cases, were imposed upon justices of the peace, that I am now aware of, for doing any thing improperly in the execution of their offices to the prejudice of any one. Generally such acts, when committed, rendered them liable only to the payment of such sum of money as a jury under the particular circumstances of the case might consider sufficient to repair the injury. And hence it is perhaps, that the terms employed in the act of 1772, for referring to the jury the question whether sufficient amends were tendered or not, are more strictly applicable to cases where no specific sum for that purpose has been fixed by law, than to the case where it has: yet, when taken in connexion with the other parts of the act, both descriptions of cases may be very fairly considered as embraced ; and no doubt come alike within the object that was intended to be effected by it ; which was, in the first place, to afford the justice of the peace an opportunity of satisfying himself whether he was bound to make amends or not ; and if he was, in the next place, to allow him time to tender them to the party complaining, without being subjected to the costs and charges of a suit, as also the public exposure attending it.  But where a justice of the peace is restrained from doing a certain act, as from taking fees beyond specified sums for certain services, and is made expressly liable to the payment of a specific sum of money to the party aggrieved if he does so, there seems to be no room for the exercise of any discretion as to the amount of amends that ought to be tendered : neither the court nor the jury, upon the trial of such case, can lessen or make the sum different from what the legislature have determined it shall be.   The words of the act in the present case are absolute and positive, that " such officer (which includes the plaintiff in error as a justice of the peace) *shall forfeit and pay* to the  party injured 50 *dollars*, to be recovered as debts of the same amount are recoverable."   We therefore think there is no error in the direction of the court to the jury on this point.

Neither can we perceive any thing wrong in what the court have said as to the subject matter of the fourth error.   Whether the plaintiff in error received the fifty cents paid to him by the defendant in error as fees or not, was a question of fact, which the court very properly submitted to the jury, to be decided by them ; but if received as fees, then it was a question of law, whether the sum so received, according to the fee bill, amounted to more than the plaintiff in error was entitled by law to charge and take, upon which it was

the duty of the court to decide and to advise the jury of their opinion thereupon. This the court seem to have done without more that we can perceive. We are therefore of opinion that there is no ground for complaint on this part of the case.

The fifth error involves the same matter as the last, with an additional allegation, that the " whole matter" (the facts of the case, I presume, are meant here) was taken by the court from the jury. This however does not appear to be so.

Judgment affirmed.