## Henning v. Martin.

*Justice of peace—Penalty for taxing illegal fees.*

The item in the fee bill of 1893, " written notice in any case twenty-five cents," means such notice as it is the duty of the justice to give; it does not include a notice to the plaintiffs of the return day of the summons and that the case will be heard on that day. A justice is subject to the penalty imposed by the Act of May 26, 1897, P. L. 100, when he taxes this fee against the defendant.

Argued April 27, 1900. Appeal, No. 157, April T., 1900, by defendant, in a suit of Wm. F. Henning against John A. Martin, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1898, No. 479, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Appeal from judgment of magistrate. Before STOWE, P. J.

It appears from the record that this action was brought to recover a penalty of $50.00 under the Act of May 26, 1897, P. L. 100, on alleged overcharges for fees by a justice.

The court below passed by the other items and confined the case to the item " Notice to plaintiff, twenty-five cents." The notice for which the alderman charged was as follows, printed and written on a postal card and delivered to plaintiff by mail:

| " John A. Martin, | | B. F. Keen, Agt., |
| Alderman. | } | versus |
| No. 724 Fifth Avenue. | | Wm. F. Henning and Sophia Henning. |

" PITTSBURG, Jan. 25, 1898.

" A hearing in the above entitled case will be held at my office on Saturday, the 29th day of January, 1898, between 10 and 11 A. M.

" Do not fail to be on hand with your witnesses.

" Yours, very truly,

" JOHN A. MARTIN,

" Alderman."

Defendant alderman claimed the right to charge for this

540, (1900).] Statement of Facts—Opinion of the Court.

under the item "written notice in any case:" Act of May 23,. 1898, P. L. 117.

The court directed the jury to find in favor of plaintiff.. Defendant appealed.

*Errors assigned* were (1) in not permitting defendant to prove by the witness, Brown, that the written notice to plaintiff was actually sent out by the alderman and received by the plaintiff. (2) In not permitting defendant to prove by himself and other witnesses that the written notice to plaintiff was necessary and usual in the practice before aldermen.. (3) In directing the jury to find for the plaintiff.

*Wm. M. McElroy*, for appellant.—The defendant, an alderman, had the right to tax twenty-five cents for the written notice to plaintiff, if acting in his judicial capacity he believed it necessary. The sending of such a notice tends to save time of all parties in interest, and is an aid in the administration of justice. Under a strict interpretation of the words "written notice in any case," defendant was entitled to prove that the: notice was necessary.

*L. C. Barton*, for appellee.—There is no fee for such notice· in said act, and if said notice was sent it was merely a con-- venience for the plaintiff in said case, and for which the defendant would not be liable.

" Any other notice " in said act means any notice that is re-- quired by the proceedings before the justice, and there were· no proceedings in the case before the alderman that required. any notice to plaintiff.

PER CURIAM, May 24, 1900 :

The item in the fee bill of 1893, " written notice in any case,. 25," evidently means such· notice as it is the duty of the justice· to give. It certainly does not include a notice to the plaintiff· of the return day of the summons, and that the case will be: heard on that day. In taxing this fee against the defendant in. the case the justice incurred the penalty sued for, and the facts. alleged in the offers would have been no defense.

The assignments of error are overruled and the judgment is· affirmed.