## Wilson, Appellant, v. Barrett.

*Public officers—Illegal fees—Extortion—Penalties—Constable—Act of May* 26, 1897, *P. L.* 100.

In an action against a constable to recover the penalty provided by the Act of May 26, 1897, P. L. 100, for charging an illegal fee, where the illegal charge is proved by the plaintiff and admitted by the defendant, it is reversible error for the court to submit to the jury the question of whether or not the law had been violated. In such a case it is the duty of the court to give binding instructions against the defendant.

Argued Nov. 19, 1903. Appeal, No. 150, Oct. T., 1903, by plaintiff, from judgment of C. P. Delaware Co., June T., 1902, No. 253, on verdict for defendant in case of Charles Wilson, Jr., v. Mitchell Barrett. Before RICE, P. J., BEAVER, ORLADY, PORTER, HENDERSON and MORRISON, JJ. Reversed.

Appeal from judgment of justice of the peace. Before HEMPHILL, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

68, (1903).]    Assignment of Errors—Opinion of the Court.

*Error assigned* was in refusing binding instructions for plaintiff, and in submitting the case to the jury.

*H. J. Markiver*, for appellant.

*William C. Alexander*, for appellee.

OPINION BY MORRISON, J., December 19, 1903:

This suit was commenced before a justice of the peace in Delaware county to recover the sum of $50.00 from the defendant, being the penalty provided by the Act of Assembly of May 26, 1897, P. L. 100, which reads as follows: "That if any officer, whether while in office or after his term shall have expired, shall charge or demand any fee for any service or services other than the fee provided by law, such officer shall forfeit and pay to the party injured $50.00 to be recovered as debts of the same amount are recoverable."

The action before the justice of the peace resulted in a judgment against the defendant from which he appealed to the court of common pleas. At the trial in the common pleas it was proved and conceded that the defendant was a constable, and that he seized and impounded about forty sheep belonging to the plaintiff, which he found straying in the highway, and that he charged and received from the plaintiff a fee of $6.00 for this seizure. The special Act of February 22, 1860, P. L. 68, in force in Delaware county, provides: "That from and after the first day of April next, no cattle, horses, sheep or swine shall be suffered to run at large, or upon the public roads or highways in the county of Delaware, under the penalty of two dollars for each offense." This act further provides that it shall be the duty of constables within said county, without any special warrant or other authority than this act, to seize and secure such animals when found running at large as aforesaid, and that the owner shall be required to pay to the constable the penalty of $2.00, and any expense for keeping said animal or animals. By the plain terms of this act the constable in this case was entitled to receive from the plaintiff the sum of $2.00 and no more, unless for expenses of keeping the sheep, and there was no evidence of any such expense.

The substance of the assignments of error is that the court

erred in instructing the jury that: "The burden is upon Mr. Wilson to satisfy you that this man wilfully, maliciously, recklessly or wantonly violated the law, because this is in the nature of a penal statute, and it is to be strictly construed. He must have violated this law, he must have taken this illegal fee—as it certainly was an illegal fee, there is no question about that—he must have taken it either with a wilful, malicious intent or with a wanton and reckless disregard of the law and of the rights of the plaintiff. Testimony has been given on the one side and the other, and from it you will determine whether, in the manner I have indicated, he violated the law or not." In this instruction to the jury the court committed serious error. It was proved and the defendant was in court admitting that he charged and received $6.00 as a fee for seizing the stray sheep, and by the plain terms of the law he was only entitled to receive $2.00. Under this state of facts it was the duty of the court to instruct the jury that the law had been violated and the defendant was liable for the penalty of $50.00. Under no conceivable view of the law was the court justified in submitting to the jury the question of whether or not the law had been violated under this admitted state of facts. In Henning v. Martin, 13 Pa. Superior Ct. 540, this principle was squarely decided. In that case the defendant, a justice of the peace, charged and received from the plaintiff an illegal fee of twenty-five cents. The errors assigned were: "1. In not permitting defendant to prove that the written notice to plaintiff was actually sent out by the alderman and received by the plaintiff. 2. In not permitting defendant to prove by himself and other witnesses that the written notice to plaintiff was necessary and usual in the practice before aldermen. 3. In directing the jury to find for the plaintiff." The essence of that case was that no fee for such notice was provided for by law. On page 541 we said: " The item in the fee bill of 1893, 'written notice in any case, 25,' evidently means such notice as it is the duty of the justice to give. It certainly does not include a notice to the plaintiff of the return day of the summons, and that the case will be heard on that day. In taxing this fee against the defendant in the case the justice incurred the penalty sued for, and the facts alleged in the offers would have been no defense.

"The assignments of error are overruled and the judgment is affirmed."

The Act of March 28, 1814, P. L. 234, provides: "If any officer shall charge or demand any fee for any service or services other than those expressly provided for by this act, such officer shall forfeit and pay to the party injured, $50.00, to be recovered as debts of the same amount are recoverable." In Coates v. Wallace, 17 S. & R. 75, the Supreme Court in substance held, "a justice of the peace incurs the penalty of the act by demanding and receiving illegal fees, though it be done by mistake or ignorance and without any corrupt intent." See opinion of GIBSON, C. J., p. 79. In Aechternacht v. Watmough, 8 W. & S. 162, our Supreme Court, by ROGERS, J. (p. 164), said: "For it must be remembered that taking an illegal fee constitutes the offense, without regard to ·the quo animo, or the inquiry whether it was exacted from error or design." In Gault v. Dunbar, 1 Phila. 26, it was held, "The action was against a constable for taking illegal fees, in serving four warrants for assault and battery. One reason alleged was, because the court had excluded evidence of the defendant's statement at the time he took the fees, that if there was any mistake he would rectify it. But that would be no excuse. A public officer is bound to know his .duty, and is liable whether he acts through ignorance or malice."

Upon the question of the act of May 26, 1897, being a penal statute to be strictly construed, see Bartolett v. Achey, 38 Pa. 273. The Supreme Court, by THOMPSON, J., (p. 277), said: "I admit that the statute under which the penalty for taking illegal fees is liable, being a penal statute, is to be strictly construed; but this means no more than that nothing is to be taken against the party charged by intendment. The meaning of the statute, if plain, is to be followed, notwithstanding, as in any other case. The remedy for the recovery, if not a special one, is to be pursued just in the same manner as in other cases to which it is applicable."

We are of opinion that the court erred in instructing the jury as to the penal nature of the act of 1897. The instructions were not adequate upon that point.

The assignments are all sustained and the judgment is reversed with a venire facias de novo.