# Whitmore, Appellant, *v.* Craig.

*Justice of the peace—Fees—Charging illegal fees—Penalty—Act of March 25, 1903, P. L. 61.*

Where a justice of the peace is charged with taking an illegal fee, and there is no dispute as to the taking of the fee, or as to the amount, the question whether it was legally taken is one of law for the court, and the question of the reasonableness of the fee cannot be submitted to the jury.

The penalty imposed by the Act of May 26, 1897, P. L. 100, on a justice of the peace for charging an illegal fee, may be incurred by exacting fees which are supposed at the time to be legally demandable; the taking is the gist of the offense and ignorance of the law will not excuse.

In an action against a justice of the peace for taking illegal fees, if it appears that he charged and received a greater sum for a specified item of service than he was entitled to, it will not be compensated by his omission to charge as much as he was entitled to for another item of service; but if the justice makes a mistake in noting in an abbreviated form the service upon his docket, he may show that the charge which was actually made both as to the service and the amount of the fee, was correct.

A justice of the peace has no right to charge and demand, as part of the costs of the case fifty cents for drawing the affidavit required by the Act of March 25, 1903, P. L. 61, and administering the oath thereto. The proper charge for such service is twenty-five cents.

Where an action has been brought against a justice of the peace to recover the penalty imposed by the Act of May 26, 1897, P. L. 100, for taking illegal fees, nothing less than the tender of the amount of the penalty provided by the act is sufficient amends, and available as a defense.

Submitted May 7, 1906.    Appeal, No. 117, April T., 1906, by plaintiff, from order of C. P. Clarion Co., May T., 1906, No. 207, discharging rule for judgment for want of a sufficient affidavit of defense in case of A. H. Whitmore v. J. O. Craig. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging the rule.

*G. G. Sloan*, for appellant.—The fees were illegal and the penalty should have been imposed: Coates v. Wallace, 17 S. & R. 75; Gault v. Dunbar, 1 Phila. 26; Curry v. Carrol, 5 Watts, 477; Henning v. Martin, 13 Pa. Superior Ct. 540; Colwell v. Neubert, 11 Pa. Dist. Rep. 249.

Nothing less than a tender of the penalty would be justification: McConahy v. Courtney, 7 Watts, 491; Guy v. Crist, 28 P. L. J. 211.

No appearance contra.

OPINION BY RICE, P. J., February 25, 1907:

A. C. Beckon brought suit and obtained judgment against A. H. Whitmore before J. O. Craig, a justice of the peace. Whitmore appealed and paid to Craig the costs he demanded, which, according to the transcript attached to the supplemental affidavit of defense, were taxed as follows: "Summons $.25. Docket Entry .25, Ret. Sum. .25, Trial & Judg. .50, Ack. .50, Trans. 1.00." Subsequently Whitmore brought this action against Craig under the Act of May 26, 1897, P. L. 100, relating " to officers taking illegal fees and providing a penalty therefor." The plaintiff's complaint, as shown by his statement of claim, is that the justice demanded and took the fee of fifty cents for acknowledgment, no such service having been rendered by him. The defendant avers in his affidavit of defense that this item was for writing the affidavit prescribed by the Act of March 25, 1903, P. L. 61, administering the oath to the plaintiff and attaching his seal of office thereto; that he " considered this service the same as writing and attaching his seal to an acknowledgment to a deed, for which a fee of fifty cents is allowed by law;" and that he " so charged plaintiff and by mistake wrote 'acknowledgment' instead of 'affidavit' in his docket."

There being no dispute as to the taking of the fee or as to the amount, the question whether it was legally taken was one of law: McConahy v. Courtney, 7 Watts, 491. Therefore the suggestion of the learned judge below that the question whether the charge of twenty-five cents for drawing the affidavit was a reasonable one should be submitted to a jury, cannot be sus-

tained. The justice made the charge as part of the costs of the case and under no circumstances is the question of the reasonableness of a fee charged as part of the costs a question for the jury. The decisions under earlier statutes relating to taking illegal fees are pertinent in the construction and application of the act of 1897 : Wilson v. Barrett, 24 Pa. Superior Ct. 68 ; Henning v. Martin, 13 Pa. Superior Ct. 540. The penalty imposed by the statute may be incurred by exacting fees which are supposed at the time to be legally demandable ; the taking is the gist of the offense and ignorance of the law will not excuse : Coates v. Wallace, 17 S. & R. 75. In a civil action for the penalty the officer is liable although the charge was made by mistake and under no intention to extort: Miller v. Lockwood, 17 Pa. 248. In an action against a justice of the peace for taking illegal fees, if it appears that he charged and received a greater sum for a specified item of service than he was entitled to, it will not be compensated by his omission to charge as much as he was entitled to for another item of service : Curry v. Carrol, 5 Watts, 477. But a distinction is to be made between a mistake like that considered in the case last cited and a mistake of the justice in noting in abbreviated form the service upon his docket. The latter ought not to preclude him from showing that the charge actually made, both as to the service and the amount of the fee, was correct. The affidavit of defense fairly interpreted may be regarded as averring that this was what was done. Therefore the case as now presented turns upon the question whether a justice has a right to charge and demand, as part of the costs of the case, fifty cents for drawing the affidavit required by the act of 1903 and administering the oath thereto. It is true this affidavit was not required when the Act of May 23, 1893, P. L. 117, regulating and establishing the fees to be charged by justices of the peace was adopted ; but that act provides that the fee for administering oaths or affidavits in criminal or civil cases shall be ten cents, and administering oaths and affirmations " in any case not herein provided for " shall be twenty-five cents. By liberal interpretation the latter may be regarded as the fee for administering an oath or affirmation outside the trial of the case, as, for example, upon appeal. There is no need and no authority to resort to that clause of the statute which declares

that " the fees for services not herein specially provided for shall be the same as for similar services." The service therein referred to is an official service aud the only official service rendered in the present particular was in administering the oath to the appellant and attaching the jurat to the affidavit. As already suggested, if the justice voluntarily wrote the affidavit he would not be entitled to recover as part of the costs of the case what a jury might think the service was reasonably worth. We are of opinion that the fee for the official service which he rendered in the particular under consideration was twenty-five cents.

Nothing less than a tender of the amount of the penalty is sufficient amends and available as a defense in an action brought against a justice who has taken illegal fees : McConahy v. Courtney, 7 Watts, 491. Therefore the averment of the affidavit of defense that the defendant by his attorneys tendered amends, " which said amends were a sum sufficient to pay any overcharge in fees and costs and expenses of plaintiff in the same up until that time," is not sufficient to prevent judgment. There is nothing in the case to indicate that the justice acted dishonestly or oppressively in the matter, but as we have seen this was not necessary in order to render him liable to the penalty.

The order is reversed and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other equitable or legal cause be shown to the court below why such judgment should not be so entered.